UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL GARZA,

    Petitioner,

v.

WILLIAM SULLIVAN,

    Respondent.[1]

No. 2:18-cv-02265 CKD P

ORDER

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Both parties have consented to the undersigned magistrate judge conducting all further proceedings in this matter. See ECF Nos. 7, 9; see also 28 U.S.C. § 636(c)(1).

Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application on the basis that it is barred by the statute of limitations. ECF No. 8. The motion has been fully briefed. See ECF Nos. 11-13. For the reasons discussed below, the court will grant respondent's motion to dismiss.

**I.    Factual and Procedural History**

On March 29, 2012, petitioner entered a no contest plea to Battery of a Non-Confined

---

[1] The current Warden of the California Correctional Institution has been substituted as respondent in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

Person and was sentenced to 9 years in prison by the Amador County Superior Court. See ECF No. 10-1 at 1 (Judgment and Commitment Order). Petitioner did not file a direct appeal nor seek to challenge his conviction until he filed a state habeas corpus petition in the trial court on October 6, 2014.[2] See ECF No. 1 at 2 (federal habeas petition acknowledging the lack of a direct appeal); ECF No. 10-2 at 6 (first state habeas petition). This petition was denied on November 13, 2014. ECF No. 10-3. Over the next four years, petitioner filed a series of ten more state habeas petitions which were accurately detailed in respondent's motion to dismiss. ECF No. 8. The court finds it unnecessary to recount the dates that each of these petitions was filed and denied because they have no impact on the federal statute of limitations as explained in more detail below.

The instant federal habeas petition was filed on August 13, 2018. Petitioner raises equal protection challenges to his sentencing enhancements based on great bodily injury to the victim and petitioner's prior strike conviction. ECF No. 1 at 5-7. Petitioner also alleges that the officer's testimony at his preliminary hearing violated the equal protection clause of the Fourteenth Amendment. ECF No. 1 at 8. By way of relief, petitioner seeks to have his sentence reduced by six years. ECF No. 1 at 15.

On October 26, 2018, respondent filed a motion to dismiss asserting that petitioner's federal habeas application was filed more than five years after the statute of limitations expired. ECF No. 8 at 4. Each of petitioner's eleven state habeas corpus petitions was lodged with the court as well as the respective decisions denying relief. See ECF No. 10.

In his opposition, petitioner asserts that this court's screening order of August 27, 2018 prevented respondent from filing a motion to dismiss.[3] ECF No. 11. He also contends that the one-year statute of limitations did not start until he exhausted his claims in the California Supreme Court on April 25, 2018. ECF Nos. 11, 13.

/////

---

[2] The filing date of all state and federal habeas petitions was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[3] The screening order expressly permitted respondent to file a motion in lieu of an answer. See ECF No. 4 at 2. This argument has no merit.

2

**II.     Analysis**

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on May 28, 2012 following the expiration of time to seek direct review by the California Court of Appeal.[4] Cal. Rules of Court, Rules 1.110, 8.308(a); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Therefore, the statute of limitations commenced the next day and expired one year later on May 28, 2013. See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations). Therefore, the instant federal habeas corpus petition filed on August 13, 2018 was filed more than five years late, absent any statutory or equitable tolling.

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

---

[4] Petitioner does not request any alternate start date for the statute of limitations. See 28 U.S.C. § 2244(d)(1).

Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

In the instant case, petitioner did not file any state habeas petitions until October 6, 2014, at the earliest. A state habeas corpus petition filed after the expiration of the statute of limitations does not revive it. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, as respondent points out, petitioner is not entitled to any statutory tolling while his state habeas corpus petitions were pending in state court.[5] Nor does petitioner assert that he is entitled to any equitable tolling that would render his federal habeas corpus application timely filed. For all these reasons, the court concludes that petitioner's federal habeas corpus application was filed more than five years after the statute of limitations expired.

### III. Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the court has determined that you filed your federal habeas petition too late. The court reached this conclusion in large part because none of the post-conviction challenges that you filed in state court paused the time period for filing your federal habeas petition in this court. The one-year federal statute of limitations had already passed by the time you filed any legal challenge to your conviction in state court. As a result, the claims raised in the habeas petition will not be addressed on the merits and your petition is dismissed with prejudice.

/////

---

[5] The court finds it unnecessary to address respondent's alternative argument that petitioner's fourth through sixth and eighth through tenth state habeas petitions were not properly filed and therefore did not toll the statute of limitations. See ECF No. 8 at 6-7.

**IV. Certificate of Appealability**

Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court declines to issue a certificate of appealability in this case because jurists of reason would not find the court's statute of limitations' ruling debatable. In the event that petitioner files a notice of appeal, he may request a certificate of appealability directly with the Ninth Circuit Court of Appeals. See Fed. R. App. P. 22(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 8) is granted.
2. Petitioner's federal habeas corpus application (ECF No. 1) is dismissed with prejudice as barred by the statute of limitations.
3. The court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

Dated: March 19, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE